CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 0 7 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SHIRLEY PRESLEY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHARLOTTESVILLE, <br> AND RIVANNA TRAILS FOUNDATION, <br><br> Defendants. | CIVIL ACTION NO. 3:05-CV-00010 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

Before the Court are the Defendants' Motions to Dismiss. For the reasons set forth below, the Court will grant both Motions.

## I. BACKGROUND

In 1998, the Rivanna Trails Foundation ("RTF") printed out a public map of the Rivanna Trail, a path along the side of the Rivanna River. The map included a portion of Shirley Presley's ("Presley's") property, which consists of less than an acre of land along the Rivanna River. A member of the Charlottesville City Planning Department relayed this information to Presley at the time of the map's printing. After the map was published, members of the public began to walk across Presley's property, following the trail.

At the time, Presley was attending to her husband, who had Alzheimer's Disease. After his death in 2001, Presley became more aware of the public's usage of her property, which, she claims, included tents set up in her yard, and resulted in litter and injury to plants. She

complained to the City of Charlottesville ("City") and to RTF about the situation.

At some point after Presley began her complaints, City and RTF officials allegedly met with Presley to try and obtain an easement from her, promising favorable tax reevaluations and other acts in return. She refused.

Presley tried to prevent trespassers from entering her land by erecting No Trespassing signs, 100 of which were defaced or destroyed. She also put up razor wire around her property, and as a result, the city prosecuted her for the violation of an ordinance. Plaintiff alleges that the ordinance was altered solely for the purpose of her prosecution. Other agents of the City allegedly trespassed on her land in order to obtain evidence for that prosecution. The City's case against Plaintiff was ultimately unsuccessful.

Presley has brought claims against the City and RTF for 1) violation of her Fourth Amendment rights; 2) deprivation of property without procedural due process; 3) violation of substantive due process; 4) conspiracy to violate her constitutional rights; and 5) trespass.

## II. REASONING

### A. Statute of Limitations

The threshold issue in this case is whether Presley's action is barred by the statute of limitations. There is no federal statute of limitations for § 1983, and thus, the applicable provision is "borrowed from the analogous state statute of limitations." *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991) (citations omitted). The Virginia Code has a statute of limitation of two years for personal injury claims. Va. Code Ann. § 8.01-243 (Michie 2005). Federal courts have applied this two-year statute to § 1983 suits. *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991). Therefore, a two-year statute of limitations

applies to Presley's claim.

Defendants argue that Presley's cause of action began to accrue in 2001, when she started to lodge complaints with the city. Under Defendants' theory, the statute of limitations has run on the claim. Federal, not state, law applies to determine the time of accrual of a civil rights action. *Nat'l Advertising Co.*, 947 F.2d at 1162. Under federal law, the limitations period begins when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citations omitted). Presley knew of her injury in 2001 at the latest, as conceded in the Complaint. Normally the statute of limitations would have expired two years later, in 2003. Presley filed her claim in February 2005, and thus her claim appears to be untimely.

In response, Presley contends that the doctrine of continuing violations applies to her case, and that therefore the statute of limitations does not mandate dismissal. The continuing violation doctrine applies when wrongful conduct "is ongoing, rather than a single event." *InterAmericas Inv. Ltd. v. Board of Governers of the Fed. Reserve System*, 111 F.3d 376 (5th Cir. 1997). The Fourth Circuit has used a two-part test for the continuing violation doctrine. *Nat'l Advertising Co.*, 947 F.2d at 1167 (citing *Cooper v. United States*, 442 F.2d 908 (7th Cir. 1971)). The Court must consider the nature of the wrongful conduct and harm alleged, as well as the policies of the statute at issue, in order to decide whether the doctrine applies. *Id.*

The Court will first examine the nature of the wrongdoing that Plaintiff has alleged to determine whether a continuing violation exists. Defendants argue that the purported continuing violations stem only from the third parties who continue to trespass on Presley's property. According to Defendants, these trespassers are the ill effect of the original alleged taking that occurred in 1998, and thus, no continuing violation exists. "A continuing violation is occasioned

3

by continual unlawful acts, not continual ill effects from an original violation." *Id.* at 1166 (citations omitted). In *National Advertising Co.*, the Fourth Circuit held in a § 1983 suit that an ordinance's enactment was the alleged constitutional violation; the ill effects from the ordinance, such as the removal of plaintiff's sign from the highway several years later, did not constitute a continuing unlawful act. *Id.* The Court noted that "this is not an instance of a statute's repeated enforcement against different individuals, or even the same parties, but of a statute applied once to a discrete set of individuals with a foreseeable, ascertainable impact." *Id.* at 1168.

In this case, the Court finds that the City and RTF's alleged actions more closely resemble "repeated enforcement" than a "statute applied once." *See id.* In addition to the third-party trespassers, Plaintiff has also claimed that the City and RTF have tried to foil her attempts to keep trespassers off her land, and continued to publish and re-publish maps showing her property as part of the Trail despite her complaints, all within the statutory period.[1] Plaintiff could not foresee the Defendants' allegedly continuous wrongdoing from the original inclusion of her property on a map published by RTF, or from the first noticeable instances of trespassers on her property. *See id.*; *Ocean Acres Ltd. v. Dare County Bd. of Health*, 707 F.2d 103, 107 (4th Cir. 1983) (holding that continuing violation doctrine did not apply because "[p]laintiff was aware of the actions taken by the county and of the impact of those actions" at the time of a regulation's enactment). Thus, the alleged untimely acts were not sufficiently permanent to put Plaintiff on notice that she needed to assert her rights. *See O'Rourke v. City of Providence*, 235 F.3d 713, 731 (1st Cir. 2001); *Baty v. Willamette Industries, Inc.*, 172 F.3d 1232, n.8 (10th Cir.

---

[1] Although Plaintiff failed to specifically allege that RTF re-published maps in her Complaint, the Court can infer such actions from her claims, and she has affirmed that these actions occurred in her brief and in oral argument.

4

1999); *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 755 & n.9 (3d Cir. 1995). In other words, the Defendants' purported wrongdoing was not an *effect* of the original violation. *See Nat'l Advertising Co.*, 947 F.2d at 1167–1168. Instead, the various alleged misdeeds of the City and RTF, including the re-publication of the incorrect maps and attempting to force Plaintiff to give up an easement to her property, constitute separate violations. The Court thus finds that continuing violations have occurred within the statutory period.

Furthermore, the policies of the statute will not be thwarted by allowing Plaintiff to bring her case under the continuing violations doctrine. As Defendants' original alleged actions did not serve to put Plaintiff on notice, Plaintiff has pursued her claim with reasonable diligence. *See Nat'l Advertising Co.*, 947 F.2d at 1168. Moreover, because the alleged wrongdoing has continued up to the present time, it is not unfair to Defendants to permit Plaintiff to file suit now. Therefore, the suit will not be dismissed on statute of limitations grounds.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Standard of Review

In a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the well-pleaded allegations in the complaint are taken as true, and construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). For purposes of this motion, the Court will therefore assume that Plaintiff's allegations against the City of Charlottesville and RTF are true. However, the Court is not required to accept any legal conclusions offered by the plaintiff in the complaint. *United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979).

### 2. Fourth Amendment Claim

Plaintiff argues that the alleged actions of the City and RTF constitute a Fourth Amendment seizure of her property. The Supreme Court has held, in the context of civil forfeiture cases, that the taking of property can constitute a seizure under the Fourth Amendment. *Soldal v. United States*, 506 U.S. 56, 69 (1992). In *Soldal*, the plaintiffs were forcibly evicted from their mobile home when the police seized and towed it to a neighboring property. *Id.* at 58–59. The Court noted that "we fail to see how being unceremoniously dispossessed of one's home in the manner alleged to have occurred here can be viewed as anything but a seizure invoking the protection of the Fourth Amendment." *Id.* at 61. The Supreme Court has thus made it clear that a seizure of real property can comprise a violation of the Fourth Amendment.

Presley's claim, however, merely amounts to an allegation that the City has appropriated an easement across her property. Such a taking cannot rise to the level of a Fourth Amendment seizure. The government's alleged actions have not completely deprived Plaintiff of her possessory interests in her property, as in *Soldal*; a public trail through the backyard, however discomfiting to Plaintiff, is not the same as the forcible seizure and removal of her house. Furthermore, if this purported easement was construed as a Fourth Amendment seizure, the distinction between the Fourth Amendment's protection of "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and the Fifth Amendment's mandate that "no person shall be... deprived of life, liberty or property without due process of law, nor shall private property be taken for public use, without just compensation" would be extinguished. U.S.C.A. Const. Amends. IV & V. Every takings case would also become a Fourth Amendment case. The *Soldal* Court cannot have intended to blur

6

the two Amendments so completely. Thus, Presley's Fourth Amendment claim will be dismissed.

### 3. Procedural Due Process Claim

Plaintiff challenges Defendants' actions under the Due Process clause, claiming that she was not given notice and a hearing prior to the alleged appropriation of her land. Defendants argue instead that this is a takings case, and thus conclude that the case should be remanded to state court under *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985). Plaintiff observes in response that this is not a regulatory takings case, mentioning several times that there are no zoning regulations at issue here. However, not all takings are the result of zoning regulations. Plaintiff herself refers to the trail through her backyard as a taking. *See, e.g.*, Pl.'s Br. at 12, 13. The underlying claim here is that the government has appropriated an easement through Plaintiff's property for public use; no textbook example could more clearly describe a taking. Nonetheless, Plaintiff has brought a Due Process claim, not a takings claim, and the Court will address the issues accordingly.

Presley argues that the City and RTF have deprived her of her land in violation of the Due Process clause. Plaintiff points out that the City has not enacted a regulation that constituted a taking of her land, a formality that would have provided due process protections. Nor has the City instituted any condemnation proceedings, as is typical in eminent domain cases. Instead, the government allegedly took Presley's land without any notice or hearing. But the Constitution does not require any such proceedings for a taking. Instead, the government may take property pursuant to its eminent domain powers by entering "into physical possession of property without authority of a court order," so long as a remedy is provided in order that the previous owner may

7

recover just compensation. *United States of America v. C.M. Dow,* 357 U.S. 17, 21 (1958), *United States v. Eltzroth,* 124 F.3d 632, 635–636 (4th Cir. 1997) . The process due for a taking under the Constitution is simply a remedy for just compensation.

It is possible that the taking that allegedly occurred in this case, in which the government did not clearly intend to appropriate an interest in the property, was not contemplated by the Court in *Dow*. But any ruling that a taking requires pre-deprivation process would undercut *Dow's* holding. Thus, Defendants' alleged actions do not rise to the level of a federal constitutional violation.

Furthermore, Plaintiff does not claim that Defendants deprived Presley of her property pursuant to some established procedure. *See Va. Code Ann.* § 25.1 (Michie 2005) (describing procedures for eminent domain proceedings). Plaintiff is not challenging a statute or the City's official policy. Instead, this problem stemmed from behavior unauthorized by state law: RTF's failure to ask Presley's permission before including her property on their map, and the alleged misconduct of some City employees in linking to RTF's website and attempting to convince Presley to allow an easement across her property. It is impracticable to require pre-deprivation procedures in such cases, because the City "cannot know when such deprivations will occur." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). *See also Parratt v. Taylor*, 451 U.S. 527 (1981). The City had no way of knowing that RTF and City Council members would, as alleged by Plaintiff, participate in the unauthorized taking of an easement across Presley's land, and thus, could not logically have provided pre-deprivation procedures. *See Hudson*, 468 U.S. at 533. The only way to redress Defendant's misconduct is through post-deprivation processes, such as an inverse condemnation proceeding or a tort law cause of action. As long as the State provides

8

such a remedy, this Court cannot say that the Due Process clause was violated by a failure to grant procedures prior to the alleged taking of Presley's property. *See id.*

### E. Substantive Due Process Claim

Plaintiff also argues that the City and RTF have violated her right to substantive due process under the Fourteenth Amendment. "Substantive due process protects individuals against government interference that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.'" *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (internal citations omitted). The Due Process Clause prohibits some government actions even if the procedures used are fair, in order to prevent the oppressive use of power. *Daniels v. Williams*, 474 U.S. 327, 331–332 (1986) (citing *Hoboken Land & Improvement Co.*, 59 U.S. 272, 277 (1856).

The first step in a substantive due process inquiry is to establish the constitutional right at stake. *Lowrance*, 20 F.3d at 537 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, — (1992)). As stated above, the Court has determined that Plaintiff has not successfully stated a claim for a constitutional violation. Thus, the substantive due process claim will also be dismissed.

### 4. Constitutional Conspiracy Claim

Plaintiff has alleged that RTF and the City have conspired to deprive her of her constitutional rights. Because the Court has determined that Plaintiff has not stated a constitutional claim, the conspiracy charge will be dismissed. *See Tigrett v. Rector and Visitors of the University of Virginia*, 137 F. Supp. 2d 670, 680 (W.D. Va. 2001).

5. Trespass Claim

As the Court has dismissed all of the federal claims involved in this action, it has no pendent jurisdiction over Plaintiff's state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Therefore, these claims will be dismissed.

### III. CONCLUSION

Accordingly, all of Plaintiff's claims shall be dismissed. An appropriate Order shall issue this day.

ENTERED: _____
United States District Judge

10/7/05
Date