CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
MAR 15 2007
JOHN F. CORCORAN, CLERK
BY: Fay Colman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SHIRLEY PRESLEY,<br>                                           *Plaintiff,*<br>v.<br>CITY OF CHARLOTTESVILLE, and<br>RIVANNA TRAILS FOUNDATION,<br>                                           *Defendants* | CIVIL NO. 3:05cv00010<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on motions to dismiss by Defendant Rivanna Trails Foundation ("RTF"), filed on March 5, 2007 (docket entry no. 64), and by Defendant City of Charlottesville, filed on March 6, 2007 (docket entry no 68). Additionally, on March 7, 2007, Plaintiff filed a Motion to Dismiss Affirmative Defense (docket entry no. 71). For the following reasons, these motions are hereby GRANTED.

### A. Motions to Dismiss

Plaintiff's original complaint alleged five causes of action; two of those were voluntarily dismissed by Plaintiff and she subsequently added a cause of action. Therefore, when the Court originally considered Defendants' motions to dismiss, Plaintiff had four viable causes of action, all under 42 U.S.C. § 1983: violation of procedural due process, violation of substantive due process, conspiracy, and unlawful seizure.

The Court dismissed all of Plaintiff's claims and she appealed. The Fourth Circuit affirmed dismissal of the procedural and substantive due process claims, but reversed the Court's dismissal of the conspiracy and unlawful seizure claims and remanded to this Court.

Plaintiff subsequently filed an amended complaint that asserts in Counts I and II

violations of her procedural and substantive due process rights.[1] Plaintiff acknowledges both in her complaint and in her response to Defendants' motions to dismiss that the due process claims are "no longer alive" and "no longer active" before the Court. Accordingly, the Court hereby DISMISSES Count I ("deprivation of property without due process") and Count II ("violation of substantive due process") from Plaintiff's amended complaint.

### B. Motion to Dismiss Affirmative Defense

The Court construes Plaintiff's motion to dismiss to be a motion to strike. *See, e.g.,* 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380 (3d ed. 2004) ("A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense."). The Court originally held that the limitations period had not expired. Because that has become the law of the case, Defendant RTF may not now assert that Plaintiff's action is barred because the limitation period has run, as it has asserted in its answer. Accordingly, RTF's affirmative defense of limitation will be deemed STRICKEN from RTF's answer.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: /s/ *[signature]*
United States District Judge

March 15, 2007
Date

---

[1] She also asserts causes of action for conspiracy and unlawful seizure.