IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SHIRLEY PRESLEY,<br><br>       *Plaintiff,*<br>v.<br><br>CITY OF CHARLOTTESVILLE AND<br>RIVANNA TRAILS FOUNDATION,<br><br>       *Defendants* | CIVIL NO. 3:05cv00010<br><br><br>ORDER and OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a motion to reconsider filed by Defendant Rivanna Trails Foundation ("RTF") on March 21, 2007 (docket entry no. 75). For the following reasons, this motion is hereby GRANTED.

By order entered October 7, 2005 ("2005 order"), I granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the accompanying memorandum opinion, I explained initially, however, that—based solely on the allegations contained in the complaint—Plaintiff's claim was not facially barred by the relevant limitations period. *See, e.g., Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to [Rule] 12(b)(6), if the time bar is apparent on the face of the complaint."). Therefore, I denied Defendant's motion to dismiss on this ground, but then held that Plaintiff had otherwise failed to state a claim and, therefore, granted Defendant's motion.

Following remand from the Fourth Circuit, I dismissed Counts I and II of Plaintiff's

amended complaint and struck that portion of Defendant RTF's answer asserting a limitations defense in an order dated March 15, 2007 ("2007 order")—both based on my October 7, 2005 ruling. RTF now argues that I should not have struck its limitations defense because (1) it did not have an opportunity to respond to Plaintiff's motion to strike the defense; (2) the 2005 order was based only on the allegations contained in the complaint and was not an order on the merits of the limitations defense; (3) the 2005 order was interlocutory and not immediately appealable; and (4) the 2005 order was not the law of the case. Plaintiff, in turn, argues that the 2007 order was proper because (1) the parties spent "considerable effort" arguing the limitations issue and "continued to press this legal issue" at oral argument; (2) RTF did not appeal the 2005 order; (3) the 2005 order "was final, complete, appropriate, and timely for appeal after October 7, 2005"; and (4) the ruling on the limitations defense is the law of the case.

Put simply, RTF's limitations defense should not have been stricken from its answer.

As is clear by the wording of the 2005 order, I denied RTF's motion to dismiss based on the facial legal sufficiency of Plaintiff's complaint: phrases such as "Presley contends," "Plaintiff has alleged," "RTF's alleged actions," "Plaintiff has also claimed," "the alleged untimely acts," "Defendants' purported wrongdoing," "the various alleged misdeeds," and "the alleged wrongdoing" all indicate that my decision, although not explicitly so, was based on the standards governing Rule 12(b)(6). Indeed, RTF's limitations argument originated in its motion to dismiss pursuant to Rule 12(b)(6)—it had not even filed an answer prior to the 2005 order.

A denial of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is not a final order and is therefore not appealable. *See, e.g., Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) ("[A] denial of a motion to dismiss is not appealable, because it is not a final order ...."); *Figueroa v. United States*, 7 F.3d 1405, 1408 (9th Cir. 1993) ("Ordinarily, the denial

of a 12(b)(6) motion is not a reviewable final order ...."). Additionally, denials of motions to dismiss remain subject to reconsideration up until the time of entry of final judgment and are therefore not the law of the case. *See, e.g., Perez-Guillen v. Crespo-Cuillen*, 25 F.3d 40, 42 (1st Cir. 1994) ("Appellants first challenge the dismissal order on the ground that the earlier district court ruling denying the motion to dismiss in the Lopez action became the 'law of the case' in the consolidated action. Appellants misapprehend the 'law of the case' doctrine. Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."); *see also Plotkin v. Lehman*, 178 F.3d 1285, No. 98-1638, 1999 WL 259669, at **1 (4th Cir. Apr. 30, 1999) (unpublished decision) (adopting *Perez-Ruiz*); *Schaal v. Anne Arundel County Fire Dep't*, 916 F. Supp. 487, 489 n.2 (D. Md. 1996) (same).

For the foregoing reasons, RTF's motion is hereby GRANTED, that portion of the Court's order of March 15, 2007 (docket entry no. 73) regarding RTF's affirmative defense of limitations is hereby VACATED, and RTF's limitations defense is deemed reinstated in its answer.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

_May 3, 2007_
Date

- 3 -

Case 3:05-cv-00010-NKM-JGW   Document 82   Filed 05/03/07   Page 3 of 3   Pageid#: 279